

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM WOLDMAN, TERRENCE J. HANCOCK, )
JOHN LISNER, DALE BOLT, MICHAEL RICHARDSON, )
BRAD WEBB, JAMES BUIK, and DON PEDDER, as )
Trustees of LOCAL No. 731, INTERNATIONAL )
BROTHERHOOD OF TEAMSTERS, GARAGE )
ATTENDANTS, LINEN AND LAUNDRY HEALTH & )
WELFARE FUND, )

and )

WILLIAM WOLDMAN, TERRENCE J. HANCOCK, )
WILLIAM LOGAN, STEVE VOLGREN, THOMAS )
YONKER and LARRY GROOT as Trustees of LOCAL No. )
731, INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE )
ATTENDANTS PENSION FUND, )

    Plaintiffs, )

    v. )

W.E. TANK COMPANY, an Illinois Corporation, and )
DENNIS J. VRTIS, individually and d/b/a W.E. TANK )
COMPANY, )

    Defendants. )

06CV2808
JUDGE MANNING
MAGISTRATE COLE

FILED
MAY 1 8 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiffs, WILLIAM WOLDMAN, TERRENCE J. HANCOCK, JOHN LISNER, DALE BOLT, MICHAEL RICHARDSON, BRAD WEBB, JAMES BUIK and DON PEDDER, as Trustees of LOCAL No. 731, I. B. of T., GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND ("Welfare Fund") and WILLIAM WOLDMAN, TERRENCE J. HANCOCK, WILLIAM LOGAN, STEVE VOLGREN, THOMAS YONKER and BRAD WEBB, as Trustees of LOCAL No. 731, I. B. of T. PRIVATE SCAVENGERS AND GARAGE ATTENDANTS

PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against W.E. TANK COMPANY, an Illinois Corporation, and DENNIS J. VRTIS, individually (collectively referred to as "Defendants"), state as follows:

## COUNT ONE

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant, W.E. TANK COMPANY (herein "Company"), is incorporated and registered to do business in the State of Illinois. At all relevant times, the Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a).

3. Defendant, DENNIS J. VRTIS ("Vrtis"), resides in this District and is the principal officer of Defendant Company.

4. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

5. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). Local No. 731 and the

2

Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Company to make monthly contributions on behalf of its employees covered by the Agreement for health-welfare and pension benefits, and to submit monthly remittance reports in which the Company, *inter alia,* identifies the employees covered under the agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.

6. Notwithstanding its obligations under the collective bargaining agreements, the Company has failed to correctly report and pay contributions owed to the Funds for July 2005 through the present, thereby depriving the Funds of contributions, income and information needed to administer the Funds, and jeopardizing the health & welfare and pension benefits of participants and beneficiaries.

7. Despite demand duly made, the Company has not paid the required contributions or other sums due.

8. All conditions precedent to requiring contributions and reports to the Funds have been met.

9. The Company's failure to make timely and accurate reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

10. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, the Company is liable to the Funds for unpaid contributions, interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, auditor's fees, and reasonable attorneys' fees and court costs.

11. The Company's obligations under the collective bargaining agreement are continuing and for each month it continues to be delinquent, contributions, interest and liquidated damages will

3

be due and owing until payment is made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against the Company as follows:

1. Finding that W.E. TANK COMPANY violated the Agreement;

2. Finding that W.E. TANK COMPANY is liable to the Funds for delinquent contributions, interest, liquidated damages, and attorneys' fees and court costs;

3. Ordering W.E. TANK COMPANY to pay to Plaintiffs all accrued interest and attorney's fees;

4. Ordering the Company to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

5. Ordering the Company to submit all reports from July 2005 to the present.

6. Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT TWO

## BREACH OF ORAL CONTRACT

12. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 11 of Count I as paragraphs 1 through 11 of Count II.

13. This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

14. Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

15. Prior to the filing of this lawsuit, the parties to this action reached an oral contract whereby the Funds would allow the Company to pay amounts determined to be owed based on the number of employees reported in the last report remitted to the Funds, through an Installment Note,

a copy of which is attached as Exhibit "A" and made a part hereof.

16. Under the terms of the Installment Note, the Funds would forfeit its right to demand immediate payment of the amounts owed provided that the Company pay to the Welfare Fund the sum of $14,289.74 and to the Pension Fund the sum of $2,109.07 in six equal monthly installments of $1,911.29 and $282.11 respectively, and one payment of $2,822.00 to the Welfare Fund and $416.41 to the Pension Fund, according the schedule provided therein.

17. The Company, by and through its agent and officer, DENNIS VRTIS, agreed to the sign the Installment Note and to make the payments accordingly.

18. In addition, Defendant, DENNIS VRTIS agreed to be personally liable for the amounts owed under the Installment Note and agreed to sign the Installment Note in his individual capacity.

19. Despite the parties' agreement and the Funds' reliance on the Defendants' assent to resolving this matter through the Installment Note, the Defendants made only two partial payments under the Installment Note and otherwise failed to sign or abide by the terms of the parties' agreement.

20. Further, on several occassions, namely on or about February 17, 2006, February 22, 2006, March 2, 2006, March 31, 2006 and April 19, 2006, Funds' counsel contacted the Defendants and made many pleas for their compliance with the parties' oral agreement to the Installment Note; yet, the Defendants have failed to sign the agreement and/or otherwise make consistent payments as promised.

21. The Defendants have breached the oral agreement, which was incorporated into the terms of the Installment Note.

22. The Defendants are therefore jointly and severally liable for interest at a rate of 1%

5

per month for its delinquent payments under the Installment Note, as well as all attorney's fees and costs incurred by the Funds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against the Company and VRTIS as follows:

1. Finding that W.E. TANK COMPANY and DENNIS VRTIS, personally and individually, breached the oral contract between the parties;

2. Finding W.E. TANK COMPANY and DENNIS VRTIS, jointly and severally, liable to the Funds for the amounts as agreed upon between the parties in the Installment Note;

3. Ordering W.E. TANK COMPANY and DENNIS VRTIS to pay to Plaintiffs all accrued interest and attorney's fees;

4. Ordering W.E. TANK COMPANY and DENNIS VRTIS, jointly and severally, to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

5 Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

Michele M. Reynolds
One of Plaintiffs' Attorneys

J. Peter Dowd
Robert M. Bloch
Michele M. Reynolds
Justin L. Lannoye
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

6

## INSTALLMENT NOTE

This Installment Note ("Note") is entered into this _____ day of March 2006 between Local No. 731, International Brotherhood of Teamsters Garage Attendants, Linen and Laundry Health and Welfare Fund ("Welfare Fund") and Local No. 731, International Brotherhood of Teamsters, Private Scavengers and Garage Attendants Pension Trust Fund ("Pension Fund") (collectively "The Funds"), Dennis Vrtis ("Vrtis"), and W.E. Tank Company ("Company");

### WITNESSETH:

WHEREAS, Company has been a party to a collective bargaining agreement (CBA) with Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers, Local 731, International Brotherhood of Teamsters wherein the Company is obligated to make certain contributions to the above named Funds on behalf of its covered employees;

WHEREAS the Company has failed to timely pay certain contributions owed to the Funds;

WHEREAS, the Company desires to pay delinquencies calculated to be owed to the Funds for the period July 2005 through December 2005, together with costs, interest, liquidated damages and attorneys fees as set forth below and further desires to remain current in its obligations to pay contributions to the Funds.

The Parties agree as follows

1. Company and Dennis Vrtis, jointly and severally, agree to pay to Welfare Fund the sum of fourteen thousand, two hundred eighty-nine and 74/100s ($14,289.74) and to the Pension Fund the sum of two thousand, one hundred nine and 07/100s ($2,109.07) (collectively referred to as "Settlement Amounts"). These Settlement Amounts shall be comprised of the following:

|  | **HEALTH & WELFARE** | **PENSION** |
|---|---|---|
| Contributions (7/05-12/05) | $12,207.96 | $1,605.00 |
| Interest | 415.51 | 54.05 |
| Liquidated Damages (10%) | 1,220.80 | 160.50 |
| Attorneys' fees and costs | 262.50 | 262.50 |
| Interest on Note | 182.97 | 27.02 |
| **Total** | **$14,289.74** | **$2,109.07** |



PLAINTIFF'S EXHIBIT "A"

2. Dennis Vrtis and the Company will pay the Settlement Amounts in accordance with the following schedule:

| Due Date | Welfare | Pension |
|---|---|---|
| 3/21/2006 | $2,822.00 | $416.41 |
| 4/04/2006 | $1,911.29 | $282.11 |
| 4/18/2006 | $1,911.29 | $282.11 |
| 5/02/2006 | $1,911.29 | $282.11 |
| 5/16/2006 | $1,911.29 | $282.11 |
| 5/30/2006 | $1,911.29 | $282.11 |
| 06/13/2006 | $1,911.29 | $282.11 |

3. The Settlement Amounts shall be remitted to the Funds' counsel at the address set forth below, in the form of two separate checks, payable to the Local 731 I. B. of T. Welfare Fund and Local 731 I. B. of T. Pension Fund, respectively, for receipt by the due date specified.

Dowd, Bloch & Bennett
8 S. Michigan Ave.
19th Floor
Chicago, IL 60603

4. Payments made pursuant to this Installment Note shall be considered "contributions" as defined by the CBA and the Fund's respective Agreements and Declarations of Trust. In the event the Company or Vrtis fails to pay its regular monthly contributions to the Funds by the first of the month for which they are due, the contributions shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' Agreement and Declarations of Trusts shall apply, including, but not limited to the assessment of interest and liquidated damages. Further, in the event the Company fails to make timely payments described in this Note, all amounts described in paragraphs 1 and 2 herein, shall immediately become due on the 1st day following the date on which payment should have been received under this Note and the Company and Vrtis further agree to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Installment Note.

5. The Installment Note is conditioned upon the Company staying current on its obligations to the Funds under the terms of the CBA and the Funds' respective Agreements and Declaration of Trusts. In the event that the Company fails to maintain its obligations under the terms of the CBA and the Funds' respective Agreements and Declaration of Trusts, including but not limited to its obligation to submit timely contribution reports and to make timely contributions required by the CBA, the Funds shall have the right to accelerate and collect all amounts due under this Installment Note. All obligations under this Note are joint and several.

6. The Funds' remedies under this Note shall be cumulative and concurrent and may be

pursued singly, successively or together against the Company and the Funds may resort to every other right or remedy available at law or in equity. Failure of the Funds to accelerate the maturity of this Note shall not constitute a waiver of the right to exercise such option during the continued existence of the events giving rise to the Funds' right to exercise such option. The Funds shall not by any other omission or act be deemed to waive any of its rights or remedies hereunder unless such waiver is in writing and signed by the Funds, and then only to the extent specifically set forth therein. A waiver in connection with one event shall not be construed as continuing or as a bar to or waiver of any right or remedy in connection with a subsequent event.

7. Should the Funds extend the time of payment of any amounts due under this Note such extension shall not modify or release any liability of the Company or Vrtis under this Note or any rights of recourse the Funds may have against the Company or Vrtis.

8. The Company or Vrtis shall have the right to prepay the entire amount due under this Note prior to the date upon which the payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

9. Any written notice by the Funds to the Company or Vrtis, should be sent to the following address:

Dennis Vrtis, President
W.E. Tank Company
213 Lincoln Ave.
Downers Grove, IL 60515

10. Each person executing this Note on behalf of a party hereto, for himself and on behalf of the party for which he/she is executing, represents and warrants that he/she has received all necessary power and authority to do so.

11. The validity, construction, interpretation, effect, and enforceability of this Note shall be governed by the laws of the State of Illinois without regard to any conflicts of law principles.

12. This Note may be executed in one or more counterparts, any one of which need not contain the signature of more than one party and all of which taken together shall constitute one and the same Installment Note. A faxed copy shall be as valid as an original.

EACH OF THE UNDERSIGNED parties attests that he/she has read and understands that this is an Installment Note and that he/she intends to be legally bound by same.

Trustees of Local No. 731, International Brotherhood of Teamsters Garage Attendants, Linen and Laundry Health and Welfare Fund

By: _____

_____
(Print name)

_____
(Title)

_____
(Date)

Trustees of Local No. 731, International Brotherhood of Teamsters, Private Scavengers and Garage Attendants Pension Trust Fund

By: _____

_____
(Print name)

_____
(Title)

_____
(Date)

W.E. Tank Company

By: _____

_____
(Print name)

_____
(Title)

_____
(Date)

Dennis Vrtis, individually

By: _____

_____
(Date)

4